UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 17-217** |
| **DAVID TRAN (78)** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant David Tran (78)'s Motion to Withdraw Guilty Plea (Doc. 173). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant David Tran was charged by Superseding Indictment with four counts arising out of a 2017 drug distribution conspiracy. He pleaded guilty to all counts in the Superseding Indictment without the benefit of a plea agreement on February 10, 2020 following the selection of a jury at the trial of this matter. On July 21, 2021, Defendant moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), arguing that he did not understand that his plea foreclosed the possibility of challenging the wiretap evidence against him. The Government opposes the withdrawal.

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that: "A defendant may withdraw a plea of guilty or nolo contendere: . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." There is no absolute right to withdraw a guilty plea.[1] The Fifth Circuit has stated that:

> Seven factors are to be considered in deciding such a motion:
> (1) whether the defendant has asserted his innocence;
> (2) whether withdrawal would prejudice the Government;
> (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay;
> (4) whether withdrawal would substantially inconvenience the court;
> (5) whether adequate assistance of counsel was available to the defendant;
> (6) whether his plea was knowing and voluntary; and
> (7) whether withdrawal would waste judicial resources.[2]

In considering these factors, this Court finds that they weigh against granting Defendant's Motion to Withdraw his Plea. First, Defendant does not assert his innocence of these crimes. Rather, he seeks only to move to suppress some of the evidence against him. The record makes clear that these suppression issues were investigated by Defendant's prior counsel before he entered his plea.[3] Indeed, Defendant had the benefit of discussing his case with three different attorneys prior to entering his plea.[4] Further, in his plea

---

[1] United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996).

[2] United States v. Gaitan, 954 F.2d 1005, 1011 (5th Cir. 1992) (citing United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984)).

[3] *See* Doc. 124.

[4] Defendant was initially appointed Gary Schwabe to represent him in this matter. He then retained Steve Shaprio who took over his representation on September 26, 2018.

colloquy Defendant confirmed that he had had an opportunity to discuss possible defenses with his attorney.[5] He also admitted that the statements in the factual basis were correct and that they accurately stated what he did.[6]

During the plea colloquy, the Court thoroughly explored whether the plea was being entered knowingly and voluntarily and found that it was.[7] In his Motion, Defendant states that his attorney incorrectly advised him that he could challenge the wiretap and search warrant evidence after he was sentenced and that his plea was therefore not knowingly and voluntarily entered. Defendant does not, however, present any evidence establishing that such a conversation took place.[8]

In addition, Defendant filed his motion a year and a half after his plea and one week prior to his sentencing.[9] In *United States of America v. Carr*, the Fifth Circuit found that a motion was "not promptly filed" when the defendant waited just twenty-two days after his plea and three days before sentencing before filing his motion.[10] The court stated that:

---

After six continuances, trial was set for November 18, 2019. Then, Defendant moved for new counsel. Robert Jenkins was appointed on November 1, 2019, and trial was again continued. This matter proceeded to trial, and Defendant ultimately pleaded guilty in February 2020. Thereafter, Defendant again filed several motions for new counsel. Jenkins ultimately withdrew in January 2021, and Annalisa Miron was appointed.

[5] Doc. 173-2.
[6] *Id.*
[7] *Id.*
[8] *See* United States v. McDonald, 416 F. App'x 433, 436 (5th Cir. 2011) (permitting withdrawal of plea where defendant and attorney submitted affidavits that defendant pleaded guilty based on counsel's advice that he would be able to appeal the suppression ruling even if he pleaded guilty).
[9] Defendant's sentencing was continued several times, in part because he requested new counsel after his plea had been entered.
[10] United States v. Carr, 740 F.2d 339, 345 (5th Cir. 1984).

> [T]he rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.[11]

Further, this delay prejudices the Government's case because, among other things, its cooperating witnesses are nearing the end of their incarcerations and may be less willing to cooperate. The Government, this Court, and a sworn jury were prepared to try Defendant's case in February 2020, and it would be prejudicial and a waste of judicial resources to prepare again to try his case years later. Accordingly, this Court finds that Defendant has not carried his burden to show a fair and just reason to allow him to withdraw his guilty plea.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 10th day of September, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Id.*